■ JENNIE MCCARTHY, as Administratrix of the Estate of PATRICK F. MCCARTHY, Deceased, Appellant, v. STEINWAY OMNIBUS CORP. et al., Respondents.— In an action to recover damages for wrongful death and for conscious pain and suffering, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered March 9, 1959, after a jury trial, dismissing the complaint as to both defendants at the close of plaintiff's case. Judgment affirmed, with costs. The proof shows that decedent, while either ill or intoxicated, was sitting on the front bumper of a beer truck temporarily parked in a bus stop for the purpose of making a delivery to a grocery store; that a bus stopped about four or five feet away from the place where decedent was sitting, discharged a passenger, closed its doors and moved forward. Decedent died from injuries sustained when he, in some unexplained manner, came in contact with the bus. In our opinion, there is no proof that either of the defendants was negligent. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ ATTILIO MERCANTINI, as Executor of CONSTANCE POTENZA, Deceased, Plaintiff, v. ELVIRA INNAMORATI, Defendant. In the Matter of ATTILIO MERCANTINI, Appellant. GEORGE JACOBS, Respondent.— In a proceeding, by plaintiff in the above-entitled action, to substitute attorneys, in which the original attorney, respondent George Jacobs, made a cross application for the fixation of the reasonable value of the services rendered by him, the plaintiff appeals: (1) from so much of an order of the Supreme Court, Queens County, dated September 8, 1960, as fixes at $2,000 the reasonable value of respondent's services; and (2) from an order of said court, dated October 28, 1960, which denies plaintiff's motion for reargument. Order, dated September 8, 1960, modified on the facts by reducing to $1,000 the reasonable value of the services rendered by the respondent attorney, George Jacobs, and by directing that his retaining lien be discharged upon the payment to him of said sum. As so modified, the order, insofar as appealed from, is affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, under all the circumstances, the reasonable value of the services rendered by the respondent is $1,000; the award of $2,000 is excessive. Appeal from the order dated October 28, 1960 dismissed, as academic. Nolan, P. J., Beldock, Ughetta and Kleinfeld, JJ., concur; Pette, J., not voting.